UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Criminal No. 3:14cr250 (JBA) |
|---|---|
| v. | October 9, 2020 |
| DAVID C. JACKSON | |

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant David Jackson moves for the Court to "order his immediate release from the custody of the Federal Bureau of Prisons at the Federal Medical Center at Lexington, because his preexisting conditions in combination with the COVID-19 pandemic places him at grave risk of serious illness and death." (Def.'s Mot. Sentence Reduction Under the First Step Act [Doc. # 254] at 1.) The Government opposes. ([Doc. # 257].) For the reasons that follow, Defendant's motion is DENIED.

**I. Background**

Defendant David Jackson was convicted by a jury of one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and nine counts of wire fraud, in violation of 18 U.S.C. § 1343. (Jury Verdict [Doc. # 154] at 1-3; Def.'s Mot. at 2.) He was sentenced to 205 months imprisonment and three years of supervised release on February 8, 2016. (Judgment [Doc. # 198] at 1.) As part of the terms of his supervised release, he was also instructed to pay restitution of $4,513,075, jointly and severally with his co-defendant and a third party, at a rate not less than $500 a month. (*Id.*) His conviction and sentence were affirmed by the Second Circuit on February 28, 2020. (Mandate of USCA [Doc. # 241] at 2.)

Defendant is scheduled to be released from Bureau of Prisons ("BOP") custody on March 15, 2029. FIND AN INMATE, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed October 7, 2020). Defendant reports he has already contracted and recovered from COVID-19, testing positive on May 11, 2020 and

1

experiencing mild to moderate symptoms including "persistent fever, nausea, coughing of blood and phlegm, heavy congestion, difficulty breathing, joint pain discomfort in vital organs, loss of taste and smell, and short term memory loss," for three weeks before making a full recovery.  (Def.'s Mot. at 1 n.1.) Defendant argues that "his medical conditions put him at risk for suffering should he contract COVID-19 again." (Def.'s Mot. at 3.) As of October 7, 2020, six Lexington FMC inmates and one staff member were currently positive for COVID-19. COVID-19, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed October 7, 2020). Two-hundred and seven inmates, including Mr. Jackson, and thirteen staff members had recovered, while nine inmates had died of the virus. (*Id.*)

The Court assumes the parties' familiarity with the ongoing COVID-19 pandemic and its spread from person-to-person, especially between those who are in close contact with one another. *How COVID-19 Spreads*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fprepare%2Ftransmission.html (last accessed October 7, 2020).

The Centers for Disease Control and Prevention ("CDC") warns that the following conditions cause people of any age to be at increased risk of severe illness from COVID-19: cancer, chronic kidney disease, COPD (chronic obstructive pulmonary disease), heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies, immunocompromised state from solid organ transplant, obesity (body mass index [BMI] of 30 or higher), severe obesity, sickle cell disease, smoking and Type 2 diabetes mellitus. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed October 7, 2020). The CDC also warns that the following conditions *may* increase the risk for severe illness from COVID-19: Asthma (moderate-to-severe), cerebrovascular disease, cystic fibrosis, hypertension or high blood

pressure, immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines, neurologic conditions (such as dementia), liver disease, overweight (BMI > 25, but < 30), pregnancy, pulmonary fibrosis (having damaged or scarred lung tissues), Thalassemia, and Type 1 diabetes mellitus. *Id.* Moreover, "[a]mong adults, the risk for severe illness from COVID-19 increases with age, with older adults at highest risk." *Older Adults*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed October 7, 2020). At this time, there is "limited information about reinfections with the virus that causes COVID-19," and the CDC cautions that "science does not imply a person is immune to reinfection with SARS-CoV-2." *Updated Isolation Guidance Does Not Imply Immunity to COVID-19*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/media/releases/2020/s0814-updated-isolation-guidance.html (August 14, 2020).  However, the CDC also notes that "[t]here are no confirmed reports to date of a person being reinfected with COVID-19 within 3 months of initial infection." *Duration of Isolation & Precaution for Adults*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last updated September 10, 2020).

Defendant submitted his request to the Warden at Lexington FMC for a reduction in sentence based on his concerns about COVID-19 on or about April 16, 2020, but the Warden denied his request on May 27, 2020. (Def.'s Mot. at 5). Defendant sought appointment of counsel on May 26, 2020, and then filed, through appointed counsel, this motion [Doc. # 254] on August 8, 2020. The Government filed its opposition on August 21, 2020. ([Doc. # 257.])

## II. Discussion

Defendant moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

3

> to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Although incarcerated persons previously could only seek compassionate release from the BOP, the First Step Act of 2018 permits prisoners to seek relief from the federal courts upon satisfaction of the exhaustion requirements.

Section 1B1.13 of the Sentencing Guidelines explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that

> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

Application Note 1 to this Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." On March 26, 2020, pursuant to authority granted to him under the CARES Act, Attorney General Barr urged the BOP to "prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," indicating that health concerns resulting from the pandemic may constitute "extraordinary and compelling reasons" which justify the granting of compassionate release. Attorney General William Barr, *Memorandum from the Attorney General to Director of Bureau Prisons* 1 (March 26, 2020).

Mr. Jackson argues that he should be released from B.O.P. custody because "[s]ocial distancing . . . is a near impossibility in the prison context" and "[his] health and the health of the other inmates at FMC-Lexington are impacted by [his] remaining at the facility." (Def.'s Mot. at 2.) However, Mr. Jackson has already contracted and recovered from COVID-19 and does not assert that he continues to experience any negative effects. Presently, there is nothing to indicate that his prior bout with the illness increases his risk of reinfection or of severe illness. Moreover, as the government emphasizes, while Mr. Jackson's medical needs are certainly extensive,[1] he has none of the conditions identified by the CDC as increasing the risk of severe illness from contraction of the virus. Given that Mr. Jackson is not at any greater risk of complications from (re)contracting the virus than other inmates within the BOP, Mr. Jackson does not present uniquely extraordinary and compelling reasons that justify his immediate release from custody.[2] *See United States v. Malone*, No. 3:18CR65, 2020 WL 3026467, at *3 (D. Conn. June 4, 2020) ("the Court cannot conclude that the mere existence of some underlying medical condition, which the CDC or other credible medical source has not yet identified specifically as putting individuals at higher risk for severe illness from COVID-19, is an extraordinary and compelling reason justifying release"). Accordingly, Defendant's petition for release is denied.

---

[1] Mr. Jackson asserts, and his medical records confirm, that he has a degenerative hip disease (Cam Pincer Disorder) which sometimes requires him to use a wheelchair, benign prostrate hyperplasia, a left rotator-cuff injury, chronic sinusitis, colon polyps, chronic constipation, irritable bowel syndrome, and damage in both his left and right eyes due to a physical assault by another inmate. (Def.'s Mot. at 3-4.)

[2] Even if Mr. Jackson did present sufficient medical concerns to qualify for release, the 18 U.S.C. § 3553(a) factors that the Court must also consider weigh against release.  Mr. Jackson has served only four years of his seventeen-year sentence and is a "serial fraudster" who committed the present offenses after serving a prior sentence for bank fraud. (Gov't's Reply at 4-5.) In the midst of the Great Recession, Jackson swindled his victims out of millions of dollars, promising to secure loans that he knew did not exist and enriching himself and his co-conspirators in the process. (Gov't's Reply at 5-14.) At no point in the process, including in his petition for compassionate release, does Mr. Jackson demonstrate even a modicum of remorse for his victims, but rather maintains his innocence in the affair. (*See* Def.'s Sentencing Mem. [Doc. # 185] at 1; Def.'s Mot.)

### III.     Conclusion

For the foregoing reasons, Defendant's Motion for Sentence Reduction Under the First Step Act [Doc. # 254] is DENIED.

                                         IT IS SO ORDERED.

                                         _____/s/_____
                                       Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of October 2020.